**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BLACKBURNE & SONS<br>REALTY CAPITAL CORPORATION, | )<br>)<br>) | |
| Plaintiff, | ) | Case No. 16-cv-8294 |
| | ) | |
| v. | ) | Hon. Amy J. St. Eve |
| | ) | |
| ROYAL FOX COUNTRY CLUB II, L.P.;<br>JOHN D. WEISS; NANCY WEISS; and<br>MICHAEL MAGEE, | )<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On February 27, 2017, Plaintiff Blackburne & Sons Realty Capital Corporation filed a motion, pursuant to the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1701, *et seq.*, for the appointment of a receiver over the property that is the subject of this litigation. (R. 31, Pl.'s Mot. to Appoint Receiver.) Specifically, Plaintiff seeks to appoint R. Baker Thompson ("Thompson") of RBT Advisors, LLC, to manage the property. Defendants Royal Fox Country Club, John Weiss, Nancy Weiss, and Michael Magee, collectively "Defendants," oppose this request. (R. 35, Defs.' Resp. to Mot. to Appoint Receiver.) For the following reasons, the Court grants Plaintiff's motion for receivership.

### BACKGROUND

On May 24, 2016, Defendant John Weiss, as General Partner of Royal Fox, executed a Fixed Rate Promissory Note ("the Note") in favor of a group of entities ("the Lenders"), care of

Plaintiff,[1] in the original principal amount of $2.7 million. (R. 1, Compl. ¶ 10.) To secure the indebtedness of the Note, Defendant Weiss executed a Mortgage and Assignment of Rents in favor of the Lenders ("the Mortgage"). (*Id*. ¶ 11.) The Mortgage pledged to the Lenders the property commonly known as 5N748 Burr Road, St. Charles, IL 60175 ("the Property"). (*Id*.) The Property is a private country club with a golf course, and it is not a residential property. (Mot. to Appoint Receiver ¶ 8.) As additional security for the Note, Defendants executed a Security Agreement ("the Security Agreement") in favor of the Lenders that pledged the assets of Royal Fox to the Lenders. (Compl. ¶ 12.) The Mortgage also entitles Plaintiff to possession and receivership after giving notice of the breach to Defendants, stating, "Lender shall be entitled to have a receiver appointed and take possession of the Property and collect the Rents and profits from the Property without any showing as to the inadequacy of the Property as security." (R.1, Ex. C ¶ 30.) As additional security for the Note, John and Nancy Weiss ("the Guarantors"), individually executed a Personal Guaranty of Loan ("the Guaranty") in favor of the Lenders, thereby unconditionally guarantying prompt and full repayment of all principal and interest owed to the Lenders under the Note. (Compl. ¶ 13.) The Note, the Mortgage, the Security Agreement, and the Guaranty are collectively, "the Loan Documents."

On August 23, 2016, Plaintiff filed its Complaint to Foreclosure Mortgage. (*Id*.) Plaintiff alleges that Defendants are and have been in default under the terms and conditions of the Loan Documents due their (1) failure to make timely payments as required by the Note and (2) their creation of a subordinate lien in excess of 80% of the Property's value via a mortgage Defendant Weiss executed in favor of Michael Magee. (*Id*. ¶ 14.) The Guarantors have breached their obligations to Plaintiff by failing to promptly pay all amounts owed to Plaintiff

---

[1] Plaintiff is the Lenders' servicing and enforcement agent and is authorized to file and prosecute this action pursuant to its agreement with the Lenders. (Compl. ¶ 4.)

under the terms of the Note.  (*Id.* ¶ 17.)  According to Plaintiff, Defendants owe $2.7 million in

principal, $88,612 in interest, and $6,255 in late charges.  (*Id.* ¶ 18.)

## LEGAL STANDARD

The Illinois Mortgage Foreclosure Law ("IMFL") states that, prior to the entry of the

Judgment of Foreclosure:

> [I]f (i) the mortgagee is so authorized by the terms of the mortgage or other written
> instrument, and (ii) the court is satisfied that there is a reasonable probability that the
> mortgagee will prevail on a final hearing of the cause, the mortgagee shall upon request
> be placed in possession of the real estate, except that if the mortgagor shall object and
> show good cause, the court shall allow the mortgagor to remain in possession.

735 ILCS 5/15–1701(b)(2).  The law also provides that if the mortgagee is entitled to possession

and requests it, the Court "shall appoint a Receiver," and the mortgagee is "entitled to designate

the Receiver."  735 ILCS 5/15–1702(a)–(b).  "[A]ccording to section 15–1105 of the Foreclosure

Law, 'shall' means mandatory and not permissive."  *Bank of Am., N.A. v. 108 N. State Retail

LLC*, 401 Ill. App. 3d 158, 164 (2010) (citing 735 ILCS 5/15–1105(b)).  "Therefore . . . the

Foreclosure Law creates a presumption in favor of the mortgagee's right to possession of

nonresidential property during the pendency of a mortgage foreclosure proceeding."  *Id.  See

also PNC Bank, N.A. v. Janiga*, No. 12-CV-9383, 2013 WL 1787499, at *1–2 (N.D. Ill. Apr. 24,

2013) (stating same).  A mortgagor can only retain possession if it can show "good cause" for

permitting it to do so."  *Bank of Am.*, 401 Ill. App. 3d at 164.

## ANALYSIS

Defendants concede that they are in default and do not dispute that Plaintiffs are entitled

under the terms of the Mortgage to possession of the Property and to appoint a receiver.  (Defs.'

Resp. to Pl.'s Mot. to Appoint Receiver 2.)  Defendants instead argue (1) that there is not a

reasonable probability that Plaintiff will prevail on the merits of the foreclosure action and (2)

that there is good cause not to appoint a receiver.  The Court addresses each argument in turn.

3

## I. Reasonable Probability of Plaintiff Prevailing in the Foreclosure

Defendants concede that "there is a technical default" under the Mortgage, but argue that the default is not sufficient to warrant appointment of a receiver. (*Id.*) It is, however, well-established in Illinois that "a proven default establishes a reasonable probability of success in a mortgage foreclosure action." *CenterPoint Properties Trust v. Olde Prairie Block Owner, LLC*, 923 N.E.2d 878, 883 (2010) (citing *Brown County State Bank v. Kendrick,* 488 N.E.2d 1079 (1986)). Given that Defendants have admittedly defaulted on the Note, there is a "reasonable probability" that Plaintiff will prevail on a final hearing in this case. Accordingly, Plaintiff is entitled to possession of the property and the appointment of a receiver unless Defendants can establish good cause for permitting them to retain possession.

## II. Good Cause for Defendants to Retain Possession

Defendants argue that, despite the default, there is "good cause" for them to retain possession of the Property because the country club on the Property, under their operation and management, has a steady roster of members paying annual dues resulting in annual profits of approximately $1.7 million. Defendants believe they are in the best position to operate the country at its maximum value because club members will likely defect if faced with the uncertainty of a receivership. Further, Defendants argue that they are currently engaged in efforts to "recapitalize" their operations, which will allow them to cure the existing default. Ultimately, Defendants contend that turning the Property over to a receivership will reduce the value of the Property and chill Defendants' efforts to recapitalize their operations, thus, there is good cause for them to retain the property.

Despite these arguments, Defendants have not met the statutory burden of establishing that there is good cause for them to remain in possession of the property. *Bank of Am.*, 401 Ill.

App. 3d at 164. Defendants' argument that they are engaged in ongoing capitalization discussions fails because Illinois courts have consistently held that the existence of pending negotiations is not good cause for a mortgagor to retain possession of a property. *See, e.g.*, *Lake Point Tower Renaissance Plaza, LLC v. United Cent. Bank*, No. 12 C 7575, 2014 WL 1256374, at *1 (N.D. Ill. Mar. 26, 2014) (applying Illinois law and appointing receiver in part because pending negotiations are not good cause for mortgagor to retain possession); *Home Life Ins. Co. v. American Nat. Bank and Trust Co.,* 777 F. Supp. 629, 632 (N.E. Ill. 1991) (same).

Similarly, Defendants' other primary argument, that they are better property managers than the receiver, also has been squarely rejected by Illinois courts. In *PNC Bank*, 2013 WL 1787499, at *2, the court rejected the mortgagors' argument that they were qualified property managers and that appointing a receiver would disrupt their relationship with the property's tenants, potentially causing the property to lose value. The court found that this was insufficient cause to prevent the appointment of the receiver explaining that "[s]imply because the [mortgagors] believe themselves to be qualified property managers is not enough to support a finding of good cause to keep them in possession of the Property." *Id*. *See also Bank of Am.*, 928 N.E.2d 42, 58–59 (finding "that the qualifications of the current management are an insufficient basis to find that there is good cause to permit the mortgagor to retain possession"); *Home Life*, 777 F.Supp. 629, 632 (rejecting argument for good cause because "the qualifications of current property management are not an important consideration under the [Foreclosure Law] when the property is in default.")

Here, under clearly established Illinois law, Defendants simply cannot overcome the statutory presumption that Plaintiff is entitled to possession of the Property and to appoint a receiver. Defendants' arguments that they are undertaking capitalization efforts and that they are

better qualified property managers have consistently been found by Illinois courts to be insufficient to find that there is good cause to permit a mortgagor to retain possession. Even if these arguments had not been so flatly rejected by Illinois courts, the receiver proposed by Plaintiff is highly qualified and specializes in providing real estate services for distressed assets, including golf courses and country clubs specifically. (R. 31, Ex. A, RBT Advisors Services Overview.) There is thus no reason to believe that appointing a receiver will dilute the value of the Property. Accordingly, the Court finds that there is not good cause to permit Defendants to retain possession of the Property.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to appoint a receiver.

**Dated:** April 17, 2017

ENTERED

AMY J. ST. EVE
United States District Court Judge