# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BLACKBURNE & SONS REALTY CAPITAL CORPORATION, | ) ) ) |
| Plaintiff, | ) Case No. 16-cv-8294 ) |
| v. | ) Hon. Amy J. St. Eve ) |
| ROYAL FOX COUNTRY CLUB II, L.P.; JOHN D. WEISS; NANCY WEISS; and MICHAEL MAGEE, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On August 23, 2016, Plaintiff Blackburne & Sons Realty Capital Corporation filed a two-count Complaint seeking to foreclose a mortgage and terminate the lien on the property located at 5N748 Burr Road, St. Charles, Illinois. Plaintiff has now brought a motion for summary judgment [46] and a motion pursuant to the Illinois Mortgage Foreclosure Law to appoint a Special Commissioner for the purpose of conducting a public foreclosure sale [52]. Defendants Royal Fox Country Club, John Weiss, Nancy Weiss, and Michael Magee, collectively "Defendants," have not responded to or opposed Plaintiff's motions. For the following reasons, the Court grants Plaintiff's motions.

## BACKGROUND

On May 24, 2016, Defendant John Weiss, as General Partner of Royal Fox, executed a Fixed Rate Promissory Note ("the Note") in favor of a group of entities ("the Lenders"), care of Plaintiff,[1] in the original principal amount of $2.7 million. (R. 48, Pl.'s Statement of Facts ¶ 9.)

---

[1] Plaintiff is the Lenders' servicing and enforcement agent and is authorized to file and prosecute this action pursuant to its agreement with the Lenders. (Compl. ¶ 4.)

To secure the indebtedness of the Note, Defendant Weiss executed a Mortgage and Assignment of Rents in favor of the Lenders ("the Mortgage"). (*Id.* ¶ 10.) The Mortgage pledged to the Lenders the property commonly known as 5N748 Burr Road, St. Charles, IL 60175 ("the Property"). (*Id.*) The Property is a private country club with a golf course, and it is not a residential property. (Mot. to Appoint Receiver ¶ 8.) As additional security for the Note, Defendants executed a Security Agreement ("the Security Agreement") in favor of the Lenders that pledged the assets of Royal Fox to the Lenders. (Pl.'s Statement of Facts ¶ 12.) As additional security for the Note, John and Nancy Weiss ("the Guarantors"), individually executed a Personal Guaranty of Loan ("the Guaranty") in favor of the Lenders, thereby unconditionally guarantying prompt and full repayment of all principal and interest owed to the Lenders under the Note. (Pl.'s Statement of Facts ¶ 12.) The Note, the Mortgage, the Security Agreement, and the Guaranty are collectively, "the Loan Documents."

Defendants are and have been in default under the terms and conditions of the Loan Documents due their (1) failure to make timely payments as required by the Note and (2) their creation of a subordinate lien in excess of 80% of the Property's value via a mortgage Defendant Weiss executed in favor of Michael Magee. (*Id.* ¶ 13.) The Guarantors have breached their obligations to Plaintiff by failing to promptly pay all amounts owed to Plaintiff under the terms of the Note. (*Id.* ¶ 16.) Defendants owe $2.7 million in principal, $142,822 in interest, and $15,637 in late charges, less approximately $1,400 in refunds and a trust balance, for total amount due of $2,857,065. (*Id.* ¶ 18.)

## LEGAL STANDARD

I.  **Federal Rule of Civil Procedure 56**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986)); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000) ("The existence of a mere scintilla of evidence supporting a plaintiff's position is insufficient; there must be evidence on which a jury could reasonably find for the plaintiff."). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that it is entitled to judgment as a matter of law. *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010). If the moving party demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012).

II.  **Northern District of Illinois Local Rule 56.1**

Northern District of Illinois Local Rule 56.1 governs how the parties identify material facts and potential disputed material facts. "The purpose of Rule 56.1 is to have the litigants present to the district court a clear, concise list of material facts that are central to the summary judgment determination. It is the litigants' duty to clearly identify material facts in dispute and

provide the admissible evidence that tends to prove or disprove the proffered fact." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015). Local Rule 56.1(a) "requires the party moving for summary judgment to file and serve a 'statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law.'" *Id.* at 218 (citation omitted). "The non-moving party must file a response to the moving party's statement, and, in the case of any disagreement, cite 'specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Petty v. Chicago,* 754 F.3d 415, 420 (7th Cir. 2014) (citation omitted); *see also* L.R. 56.1(b)(3)(A). Local Rule 56.1(b)(3)(C) requires the non-moving party to file a separate statement of additional facts. *See Thornton v. M7 Aerospace LP*, 796 F.3d 757, 769 (7th Cir. 2015).

Local Rule 56.1 statements and responses should identify the relevant admissible evidence supporting the material facts – not make factual or legal arguments. *See Zimmerman v. Doran,* 807 F.3d 178, 180 (7th Cir. 2015). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Curtis*, 807 F.3d at 218 (quoting *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009)). The Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere,* 791 F.3d 764, 767 (7th Cir. 2015).

**ANALYSIS**

The Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1506 provides that in a "trial of foreclosure, the evidence to support the allegations of the complaint shall be taken in open court, except: (1) where an allegation of fact in the complaint is not denied by a party's verified answer

4

or verified counterclaim . . . such fact, is sufficient evidence thereof against such party and no further evidence of such fact shall be required; and, (2) where all the allegations of fact in the complaint have been proved by verification of the complaint or affidavit, the court upon motion supported by affidavit stating the amount which is due the mortgagee, shall enter a judgment of foreclosure as requested in the complaint." 735 ILCS 5/15-1506

Here, the undisputed evidentiary facts set forth in Plaintiff's affidavits and Plaintiff's Statement of Material Facts provide support for every allegation in the Complaint. As such, there is no genuine issue of material fact as to: (1) Royal Fox's execution of the Note; (2) Royal Fox's execution of the Mortgage; (3) Royal Fox's execution of the Security Agreement; (4) John and Nancy Weiss's execution of the Guaranty; (5) Plaintiff's status as holder of the Note, Mortgage, Security Agreement, and Guaranty; (6) Royal Fox's default under the Note, Mortgage, and Security Agreement; (7) John and Nancy Weiss's default under the Guaranty; (8) Plaintiff's right to recover attorney's fees and costs from Defendants arising out of the terms and provisions of the Loan Documents; and (9) the amount owed to Plaintiff under the Note and Mortgage.[2]

Accordingly, the Court grants Plaintiff's motion for summary judgment and enters a judgment of foreclosure and sale in the amount of $2.7 million in principal, $142,822 in interest, and $15,637 in late charges, less approximately $1,400 in refunds and a trust balance, for total amount due of $2,857,065. The Court also enters a judgment in Plaintiff's favor for reasonable attorneys' fees and costs in the amount of $28,576.74.

---

[2] The only material fact in the Complaint that Defendants have not directly admitted is the amount owed Plaintiff due to Defendants' default. Defendants denied this fact due to a lack of sufficient information, but given the clear quantification of that amount in Plaintiff's affidavits and Defendants' failure to respond to or dispute Plaintiff's material facts, the Court deems the fact of the amount owed "admitted for purposes of the motion." *Curtis*, 807 F.3d at 218 (quotation omitted).

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for summary judgment and its motion to appoint a Special Commissioner—Judicial Sales Corporation—for the purpose of conducting a public foreclosure sale.

**Dated:** August 9, 2017

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge